## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BLOUGH, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| VETERANS LEADERSHIP PROGRAM | ) | |
| OF WESTERN PENNSYLVANIA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

AND NOW COMES  Plaintiff Beverly Blough ("Plaintiff" or "Blough"), by and through her undersigned counsel, and brings this Complaint seeking legal and equitable relief for wrongful termination and employment discrimination based on age and disability and in retaliation for engaging in protected acts in violation of the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Pennsylvania Human Relations Act against Defendant Veterans Leadership Program of Western Pennsylvania, Inc. ("Defendant" or "VLP" or "Employer"), stating as follows.

## JURISDICTION AND VENUE

1.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391.  This action is authorized and instituted pursuant the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.§ 621 *et seq.* (the "ADEA"), the Americans with Disabilities Act (the "ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§951 *et seq.* (the "PHRA").

2.      The employment practices alleged to be unlawful were committed by the Defendant in Johnstown and Pittsburgh, Pennsylvania, where Plaintiff worked for Defendant in or around

1

Cambria and Allegheny Counties, Pennsylvania.  Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 28 U.S.C §1391(b).

3.      Plaintiff timely exhausted her administrative remedies by filing a charge on March 25, 2018 with the United States Equal Employment Opportunity Commission ("EEOC") at Charge No. 533-2018-01139.  Plaintiff's Charge is incorporated by reference as if fully set forth herein. On April 24, 2018, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" Letter) advising her of the right to bring this action.  Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

## PARTIES

4.      Plaintiff is a 47 year-old female individual who resides at 725 Glenwood Avenue, Johnstown, PA 15905.

5.      Defendant Veterans Leadership Program of Western Pennsylvania, Inc. is a non-profit agency with its principal place of business located at 2934 Smallman Street, Pittsburgh, PA 15201, and Defendant also has a place of business located at 727 Goucher Street, Johnstown, PA 15905.

6.      At all times relevant hereto, Plaintiff was an employee of VLP at its Johnstown, PA office where Plaintiff worked as an administrative and executive assistant earning approximately $32,000 annually from August 4, 2004 until she was wrongfully discharged on December 4, 2017.

7.      At all relevant times, VLP was and is a non-profit agency authorized to do business in the Commonwealth of Pennsylvania and has been and is doing business in the Commonwealth of Pennsylvania, including at the location where Plaintiff worked.

8.      At all times relevant hereto, Defendant was Plaintiff's employer, and was an employer within the meaning of and subject to anti-discrimination statutes.

2

9.      Plaintiff is in a protected class under the ADA and ADEA because of her disability and age at the time the acts of discrimination and retaliation occurred.

10.      At all relevant times hereto, Defendant VLP acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## COUNT I – VIOLATION OF ADA AND PHRA

11.      Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

12.      Plaintiff worked for VLP as an executive and administrative assistant for over thirteen (13) years.

13.      At all relevant times hereto, Plaintiff received favorable performance appraisals throughout her employment with VLP.

14.      Plaintiff suffers from migraine headaches and Sphincter of Oddi dysfunction, impairments which substantially limit one or more major life activities, and she continues to receive treatment for these conditions.

15.      Plaintiff was diagnosed with migraine headaches, anxiety and depression since 1994, pancreatitis since 2002 and Sphincter of Oddi dysfunction (collective referred to as "impairments") since 2016.

16.      Plaintiff has suffered from these impairments at least from the time each impairment was diagnosed.

17.      Due to these impairments affecting her ability to work and in response to information provided by Tina Lynch, former VLP human resources employee in 2015, Plaintiff

requested that Dr. David Lawless, Plaintiff's primary care physician, complete a "VLP Medical Inquiry Form in Response to an Accommodation Request."

18.     On the VLP Medical Inquiry Form dated October 22, 2015, Dr. Lawless indicates the following regarding Plaintiff's disability:

a) Plaintiff suffers from mental and/or physical impairments;

b) The impairments and/or nature of the impairments include pancreatitis, migraines, anxiety and depression from brain injury;

c) The impairments substantially limit major life activities and major bodily functions, as compared to most people in the general population, including but not limited to concentrating, thinking, reading, walking, working, brain, digestive, neurological, and operation of an organ;

d) Computer monitors, lighting and smells interfere with Plaintiff's job performance;

e) During Plaintiff's pancreatitis flares, constant pain and vomiting limits most activities, and Plaintiff's migraines cause pain and affect her concentration;

f) Possible accommodations to alleviate the impairments and to improve Plaintiff's job performance include limited room lighting and limited sounds and smells; and

g) The avoidance of migraines would improve Plaintiff's job performance.

19.     On a second VLP Medical Inquiry Form in Response to an Accommodation Request, dated November 9, 2015 and completed by Dr. Paul Rodriguez-Feo for Plaintiff, Dr. Rodriguez-Feo also indicated that Plaintiff suffered from a disability requiring reasonable accommodations.

20.     On November 6, 2015, Defendant completed a VLP Accommodation Approval Form for Plaintiff indicating the following:

a) Plaintiff's supervisors, Michael Glass and Martin Kuhar (VLP Johnstown Operations Director), needed to be notified of Plaintiff's approved accommodations;

4

b) The accommodations for Plaintiff's disability would be fully implemented on November 6, 2015;

c) The accommodation was not being implemented on a trial basis; and

d) The following comment:

> Comments: Ms. Blough will be accommodated as is stipulated by her PCP on the VLP Medical Inquiry Form completed as part of the response to an Accommodation Request. Should Ms. Blough need to take time off due to any of the conditions listed by her PCP it will be permitted based upon the availability of vacation, sick personal or floating holidays in her leave banks. If no time is available in her banks she will be permitted to take time off without pay.

21.     Regardless, Martin Kuhar would turn the lights on in Plaintiff's office and placed two other women in her office, in violation of the ADA and Plaintiff's Accommodation Approval Form, triggering and aggravating Plaintiff's impairments affecting her ability to work.

22.     Martin Kuhar willfully and wrongfully engaged in these discriminatory and retaliatory acts toward Plaintiff in disregard of her impairments and disabilities which led to the wrongful termination of Plaintiff's employment.

23.     Plaintiff's quarterly Personnel Performance Appraisals, dated April 13, 2016, July 11, 2016 and October 4, 2016 and signed by Martin Kuhar, all contain commendable and satisfactory ratings and positive commendations and comments for Plaintiff's job performance as related to the categories of quality and quantity of work, dependability, productivity, attitude and cooperation, initiative and resourcefulness, professionalism and safety.

24.     However, in violation of the ADA and in direct wrongful retaliation to Plaintiff's requests for reasonable accommodations due to her disability, the same quarterly Personnel Performance Appraisals for Plaintiff all indicate needs improvement regarding attendance and contain the following comments even though Defendant agreed to provide Plaintiff with such reasonable accommodation due to her documented disability:

5

    a)   "Due to health issues (which is beyond her control) attendance is a concern; which in turn affects dependability and thus affects office operations in general;"

    b)   "Ongoing health issues . . . continue to make attendance a concern . . . recommend continued excellent quality of work while following all recommended health care programs prescribed;" and

    c)   "Continue to schedule medical appointments at the end of the day (or early morning if available; understand the disability form and the reasons for attendance challenges for both you personally and the office."

25.    On January 20, 2017, Plaintiff met Christine Pietryga, VLP Director of Programs and Operations, to raise concerns about age and disability discrimination to which the VLP subjected Plaintiff.

26.    On January 21, 2017, Plaintiff wrote the following e-mail to the VLP Director of Programs and Operations to summarize their meeting:

"Ms. Pietryga;

It pains me to write this email, as I try to remain loyal to my supervisor and to my colleagues in the Johnstown and the Pittsburgh office.

All of the staff in the Johnstown office care about our clients and area veterans; however, there are a few things that I do not believe are right. I realize this email may bring some animosity towards myself by my Johnstown colleagues. I hope we can keep that from happening.

I am addressing two main issue; 1) My feelings of being discriminated as a woman, 2) The inappropriate handling and discrimination towards my disability.

Although I am not going into the stress this has caused, it has added to health issues.

This correspondence will be written in the third party.

**1)**  **<u>My feelings of being discriminated as a woman.</u>**

Beverly has heard Marty [Kuhar] on the phone numerous times refer to her as "the girl in the office", "the girl who does the typing", and other such comments.

Matt Williams was hired as a Case Manager. On or about December 22, 2016. He told Beverly that "someday he will have Marty's position, even if he has to wait after Miles has the Johnstown Director's position, he will wait his turn. Matt had been here for two months and although he is doing a wonderful job he had already seen that this is a "man's world" in VLP in Johnstown.

When Beverly mentioned to Marty that Matt said he would someday be her boss, the Johnstown director's response was "you know there was a time that women didn't matter". Beverly believes that this was in joking matter, but the statement was very inappropriate.

Beverly asked Marty if Johnstown has a Chain of Command. Marty stated that unofficially Miles Palasz is second in command. Marty stated he is the "SSVF Guy", and the "office answer guy" when Marty is not available.

## 2)  The inappropriate handling and discriminations of my disability.

When Beverly take days off due to her illness, Marty usually gives her a lecture about how her illness affects the office and how frustrating it is for him. Marty has advised Beverly to consider applying for SSD.

Beverly's evaluations, although always states her work is commendable, they always mention her disability. She usually gets reprimanded for missed days, and the evaluations have said "Beverly needs to improve her health, which Beverly believes is not allowed since due to ADA papers signed by her doctors and by HR.

When a Case Manager position was made available, Beverly was told by Marty that she would not get the Case Manager position because 1) she is unable to drive with her illness, and would not know when she would be at the office (because of her illness). Although she could not do the amount of driving, she could and has been doing Case Manager duties. 2) Marty told Beverly that she was needed to do the things that she currently does (this was when Beverly was doing all Check Request and speaking to Landlords and Clients, and doing Case Manager work). During times when the Case Manager was out due to an accident; Beverly picked up his cases.

One of Beverly's disabilities can be made worse by light. Beverly can sometimes work thru these flair ups if certain accommodations are met,

such as the lights in her office being kept off.  Marty has often turned the lights on when they are off. As simple as this may sound, when the lights get turned the pain is indescribable. Marty has been told this on more than one occasion. At one time is seemed to turn into a power struggle.

Beverly has a procedure on February 16, 2017.  She will be out from February 15-22, 2017 (foreseeing no issues with the procedure).

On January 12, 2017 (after Beverly missed half a day on the 10th and all of January 11, 2017 due to her documented illness) Marty asked Beverly if this procedure would "fix" all her problems, as her illness continues to be a problem in the office. Marty said that he, of course wants the procedure to work for her, but also that he has to look forward to how her illness affects the office.  Beverly cannot answer this question, when her team of doctors cannot even answer the question.

Beverly and Christy met in Johnstown on January 20, 2017."

27.     Plaintiff was and remains qualified for a VLP case manager position, and she satisfactorily completed the roles and responsibilities of a case manager for years prior to applying for the case manager position.

28.     Regardless, Defendant VLP wrongfully and illegally denied Plaintiff the case manager position due to her disability and age, and instead hired Matthew Williams, a 32 year-old male, for the case manager position.

29.     Subsequently, despite Plaintiff exceeding expectations and receiving favorable performance reviews, VLP terminated Plaintiff due to her age and disability on December 4, 2017 without warning.

30.     VLP wrongfully claimed in Plaintiff's termination letter that her position was eliminated as pretext for Defendant's discrimination against Plaintiff based on her age and documented disability.

31.     Plaintiff's termination from employment was because of her actual disability, impairments (migraine headaches and Sphincter of Oddi) her record of disability and VLP's failure

to accommodate and in retaliation for her use of VLP's disability accommodation process of in violation of the PHRA and the Americans with Disabilities Act, as amended.

32.     The proffered reasons of for Plaintiff's termination constitute pretext for retaliation and wrongful termination in violation of the PHRA and ADA.

33.     By reason of the foregoing, Defendant has violated the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff demands judgment against Defendant Veterans Leadership Program of Western Pennsylvania, and damages in excess of $75,000 as follows:

a. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's retaliation and wrongful termination of Plaintiff's employment, plus interest;

b. That Plaintiff be awarded compensatory damages to compensate for all costs associated with the wrongful termination;

c. That Plaintiff be awarded nominal damages;

d. That Plaintiff be awarded punitive damages in an amount sufficient to punish VLP for its intentional, wanton and malicious conduct and to deter similar misconduct;

e. That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

f. That Plaintiff be awarded such further relief as deemed to be just and proper.

## COUNT II – VIOLATION OF ADEA AND PHRA

34.     Plaintiff Beverly Blough incorporates all preceding paragraphs of the Complaint with the same force and effect as though set forth at length herein.

35.     Plaintiff's age at the time of her termination was 47.

36.     Plaintiff performed her job duties at least satisfactorily throughout his employment with Defendant, and regularly received merit compensation and laudatory comments; her performance evaluations were generally satisfactory, although any negative comments regarding attendance constituted discriminatory, meritless and retaliatory actions taken by VLP as referenced in Counts I.

37.     Plaintiff alleges that she was treated differently from substantially younger, similarly-situated employees.

38.     Plaintiff alleges that she was judged by different and more harsh standards than substantially younger, similarly-situated employees.  Specifically, younger employees continue to perform Plaintiff's job responsibilities as the administrative and executive assistant and they have not been suspended or terminated.

39.     VLP discriminated against Plaintiff by hiring Matthew Williams, a younger male, for the case manager position even though Plaintiff was qualified for the position and had been performing case manager job functions for years prior to the position opening.

40.     In refusing to offer Plaintiff a case manager position and in terminating Plaintiff's employment, Defendant was motivated by an intent to discriminate against Plaintiff because of her age as VLP continues to employ younger employees who are not as qualified or experienced as Plaintiff.

41.     By reason of the foregoing, Defendant has violated the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act.

42.     In committing the actions referred to above, Defendant acted knowingly, willfully, intentionally, in bad faith, and with reckless disregard of the law, and Plaintiff is entitled to recover compensatory and liquidated damages from Defendant.

43.     As a direct and proximate result of Defendant's age discrimination, refusal to offer Plaintiff a case manager position due to her age and disability and termination of Plaintiff's employment, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses he has suffered and will continue to suffer.

WHEREFORE, Plaintiff demands judgment against Defendant Veterans Leadership Program of Western Pennsylvania, and damages in excess of $75,000 as follows:

a.  That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's age discrimination against Plaintiff, plus interest;

b.  That Plaintiff be awarded compensatory damages to compensate for all costs associated with the wrongful termination motivated by Plaintiff's age;

c.  That Plaintiff be awarded nominal damages;

d.   That Plaintiff be awarded punitive damages in an amount sufficient to punish VLP for its intentional, wanton and malicious conduct and to deter similar misconduct;

e.   That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

f.   That Plaintiff be awarded such further relief as deemed to be just and proper.

### COUNT III – VIOLATION OF ADA, ADEA and PHRA: RETALIATION

43.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

44.     Plaintiff was at all relevant times engaged in protected activity by requesting reasonable accommodations, including but not limited to a limited lighting to help alleviate her disabilities and impairments, under Defendant's policies and accommodation approval process.

45.     Plaintiff also engaged in a protected activity by complaining verbally and in writing to the VLP Director of Programs and Operations about the facts that she was denied the case manager position due to her age and disability and that she was being denied her reasonable accommodations.

46.     Plaintiff engaged in protected activity under the PHRA, ADA and ADEA.

47.     Plaintiff was wrongfully denied her reasonable accommodations by Martin Kuhar and the VLP Johnstown office, was given "needs improvement" ratings and inappropriate comments regarding her impairments, disabilities and health on her performance reviews, and was terminated because of her age and documented disabilities.

48.     Defendant's conduct in the form of adverse employment actions (i.e. negative reviews concerning attendance due to health and disabilities, refusal to provide Plaintiff her VLP approved reasonable accommodations, refusal to offer Plaintiff a case manager position, and

termination of Plaintiff's employment) was taken due to Plaintiff's age and disability and in retaliation to her engaging in the aforementioned protected activities and was causally connected as established by temporal proximity and disparate treatment. As a result of this conduct, Defendant caused Plaintiff the loss of wages and other job benefits and emotional and other harm.

49.     Defendant's conduct and adverse actions toward Plaintiff were motivated by an intent to retaliate against Plaintiff in violation of the PHRA, ADA and ADEA.

WHEREFORE, Plaintiff demands judgment against Defendant Veterans Leadership Program of Western Pennsylvania, and damages in excess of $75,000 as follows:

g.  That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's age discrimination against Plaintiff, plus interest;

h.  That Plaintiff be awarded compensatory damages to compensate for all costs associated with the wrongful termination motivated by Plaintiff's age;

i.  That Plaintiff be awarded nominal damages;

j.  That Plaintiff be awarded punitive damages in an amount sufficient to punish VLP for its intentional, wanton and malicious conduct and to deter similar misconduct;

k.  That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

l.  That Plaintiff be awarded such further relief as deemed to be just and proper.

Date:  July 23, 2018                    Respectfully Submitted,


                                        /s/ Brian P. Benestad
                                        Brian P. Benestad, Esquire

13

Pa. I.D. 208857
HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street
Suite 401
Pittsburgh, PA  15219
412.485.0133
bbenestad@hkm.com

**JURY TRIAL DEMANDED**